Hinkle v. The Lake Superior and Mississippi Railroad Co.

---

JACOB HINKLE

*vs.*

THE LAKE SUPERIOR AND MISSISSIPPI RAILROAD COMPANY.

A verdict will not be set aside in a case where there was evidence reasonably tending to support it.

This action was commenced in the district court for Ramsey county, to recover for work alleged to have been performed by plaintiff for defendant, in constructing a railroad be-

tween White Bear Lake and Stillwater. The defence was that the work was not done for defendant, but for the Stillwater and Saint Paul Railroad Company. The following extract from the opinion of the judge of that court on a motion for a new trial, states the substance of the evidence:

" The case, upon the part of the plaintiff, rested upon evidence tending to show that, immediately prior to entering upon this work, he had been employed by Banning and Johnson, president and chief engineer respectively of the Lake Superior and Mississippi Railroad Company, to do similar work upon that road, which had been excepted and paid for by that company; that he had been employed by them to do this work upon a branch road, without any notification from them that they were acting for any other road; that he had been informed frequently by both of them, that the Lake Superior & Mississippi Railroad Company were building this branch road; that the preliminary survey of the latter road was made under the direction of the Lake Superior road, and paid for; that the business was conducted at the office of the latter company, in St. Paul, although the office of the Stillwater & St. Paul Company was at Stillwater; that payments were made to him by the cashier of the former company; that some of the vouchers were signed by the president and chief engineer of the Lake Superior & Mississippi R. R. Co., as such, and the work therein certified to have been done for that company; that payments were made out of funds furnished by the latter company, and drafts were drawn upon Mr. Lamborn, their treasurer; that the estimate made by Mr. Voak, the engineer employed by Mr. Clark, who was president of the Lake Superior road, and by the plaintiff, jointly, for that purpose, represented the work as done for the latter road, and that there was no evidence of any repudiations of that in the negotiation of the parties; that one voucher, so late as the 28th of Sep-

Hinkle v. The Lake Superior and Mississippi Railroad Co.

tember, was certified by Mr. Hungerford, who succeeded John-son as chief engineer of the defendant's company, as done for their use and benefit, and the receipt for the amout there-of taken in the name. of. their treasurer, Mr. Lamborn; that after Mr. Banning retired from the presidency of the latter road, his successor in that office, Mr. Clark, continued the negotia-tion with the plaintiff, in reference to this work: that the managing officers of both companies were the same, and that this work was done under their directions.

" It is claimed that these matters were all explained by the tes-timony given on the part of the defendant, as to the manner in which the business of the two companies was carried on, and as to the reason why the vouchers were made out and signed as they were."

The jury found for the plaintiff. The defendant made a motion for a new trial, which was denied, and judgment was entered. The defendant appeals from the judgment to this court, insisting that the evidence does not sustain the verdict.

JAMES SMITH, JR., for Appellant.

DAVIS & O'BRIEN, for Respondent.

*By the Court.*—BERRY, J.—Whether certain work was per-formed by plaintiff for defendant, was the important question in this case. It seems to us that there was evidence having a reasonable tendency to show that the work was done by plaintiff for defendant, and, therefore, we perceive no reason for taking this case out of the usual rule in accordance with which we have so frequently refused to set aside verdicts under like circumstances.

The remark of the judge below in his opinion upon the motion for a new trial, seems to us just, as applied to this

case. He says, " there was evidence in the case from which the jury might infer that the work was done for this defendant, and if they have seen fit in the exercise of their peculiar right of determining the weight of evidence, to look with more favor upon the plaintiff's evidence, than upon the explanatory testimony of the defendant, it is not for the court to overrule their decision."

Judgment affirmed.